UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARRISON MOORE,

        Plaintiff,

vs.                            Case No.  2:03-cv-569-FtM-99SPC

LT.  SMICH,  OFFICER  MONTGOMERY,
OFFICER KOVACK, OFFICER COLON AND
OFFICER WENRICH,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #31) filed August 16, 2006 on behalf of Defendants Smitch, Colon and Wenrich (hereinafter "Defendants' Motion"). Defendant's Motion refers to matters outside the four corners of Plaintiff's Complaint. As such, it will be converted into a motion for summary judgment. Somerville v. Hall, 2 F. 3d 1563, 1564 (11th Cir. 1993). Plaintiff was advised of the requirements of Fed. R. Civ. P. 56 (Doc. #14) and again directed to file a response to Defendants' Motion (Doc. #32), which Plaintiff filed on September 5, 2006 (Doc. #35). This matter is now ripe for review.

I.

Plaintiff, an inmate at Charlotte Correctional Institution, a Florida Department of Corrections facility, filed a *pro se* civil

rights complaint form pursuant to 42 U.S.C. § 1983 (hereinafter "Complaint," Doc. #1). Plaintiff's Complaint alleges Eighth Amendment violations for cruel and unusual punishment against the various Defendants stemming from an August 8, 2003 incident. Plaintiff claims that while he was being escorted in full restraints to the medical department, Defendants knocked Plaintiff down and "brutally kicked and punched" Plaintiff "in his ribs and face" resulting in physical injuries to Plaintiff's face, head, lip, ribs and hand. Complaint, Sec. VII, p. 8. As relief, Plaintiff seeks monetary damages in the amount of $50,000 from each Defendant. Id. at Sec. VIII, p. 10.

Defendants seek dismissal of Plaintiff's Complaint on the followings grounds: (1) Plaintiff failed to fully exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PRLA") with respect to the claims set forth in his Complaint; (2) Defendants are entitled to qualified immunity; and (3) the Complaint fails to properly plead violations of the Eighth Amendment. (Defendants' Motion, p. 1.) Defendants attach to their Motion the following documents: (1) a copy of the grievance form and response which originally were attached to Plaintiff's Complaint (Id. at Exh. A); the Court's Order to Show Cause dated October 20, 2005 that was directed to Plaintiff regarding the exhaustion issue (Id. at Exh. B); Plaintiff's Response to the Court's Show Cause Order filed November 4, 2005 (Id. at Exh. C); and the Affidavit of Katherine

Shepherd, Management Analyst I for the Department of Corrections, dated August 10, 2006 (Id. at  Exh. D).

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for

summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

### III.

The Court must first determine whether Plaintiff's Complaint is barred by the PRLA before it address the merits of Plaintiff's suit. Boxer v. Harris, 437 F.3d 1107 (11th Cir. 2006). On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address

-4-

complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion is a pre-condition to suit, id.; the Court is required to enforce this requirement *sua sponte*. See Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006) (holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to exhaust was not an abuse of discretion); see also Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998).

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added).  In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156.  Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought--i.e. monetary damages--is available through the administrative procedures).   In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

## IV.

The Florida Department of Corrections (the "Department") is statutorily mandated to implement "rules relating to . . . grievance procedures which shall conform to 42 U.S.C. § 1997e. FLA. STAT. §944.331. As such, the Department has established an inmate grievance procedure for all inmates in their custody. FLA. ADMIN. CODE r. 33-103.001-019. Specifically, the Department provides inmates with a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the

nature of his complaint. _Id._ at r. 33-103.005-.006. Informal grievances are to be filed "within a reasonable time" of the date of the incident. _Id._ at r. 33-103.011(1)(a). Reasonableness is determined on a case by case basis considering the certain factors such as the availability of witnesses and evidence. _Id._ Inmates must file a formal grievance within fifteen days from which the informal grievance was responded to; or, within fifteen days of the date of the incident if the grievance is used to initiate the grievance process. _Id._ If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Department. _Id._ at r. 33-103.007.

In limited circumstances, an inmate may bypass the filing of an informal and formal grievances and file a direct grievance with the Secretary. _Id._ at r. 33-103.007(6). These grievances, however must be in the nature of an emergency grievance, a grievance of reprisal, or a grievance of a sensitive nature and must be clearly stated as such on the grievance form. _Id._ at r. 33-103.007(6)(a)(1). Further, the inmate is required to state the reasons for not initially bringing the complaint to the attention of the institution or facility. _Id._ at r. 33-103.007(6)(a)(2).

The Secretary has established the Bureau of Inmate Grievance Appeals to receive, review, evaluate and respond to all grievances filed with the Secretary. _Id._ at r. 33-103.007(4). If upon review

it is determined that the grievance is not an emergency, an act of reprisal, or of a sensitive nature, the grievance is returned to the inmate with the reasons for the return specified and the inmate is advised to re-submit his grievance at the institutional level. Id. at r. 33-103.007(6)(e).

## V.

Here, the evidence demonstrates that Plaintiff filed an "emergency grievance" directly to the Warden at Charlotte Correctional Institution on August 17, 2003.  This formal grievance, bearing log #0308-510-152, was filed within fifteen days of the date of the alleged incident.  Id. at r. 33-103.011(1)(a).  See Request for Administrative Remedy or Appeal dated August 17, 2003, attached to Complaint (Doc. #1-page 10); Defendants' Motion, Exh. A-1.  Plaintiff received a response to the formal grievance, bearing log #0308-510-152, in two days.  The response, signed by the acting warden, stated that Plaintiff's "grievance has not been accepted as an emergency grievance."  The response also advised Plaintiff that it was being forwarded to the "institution inspector for appropriate action."  See Response dated August 19, 2003, attached to Complaint (Doc. #1, p. 11); Defendants' Motion, Exh. A-1.

Because Plaintiff stated in his Complaint that he submitted an appeal to the Secretary as required by FLA. ADMIN. CODE r. 33-103.007, but had failed to attach a copy of his appeal or a response from the

Secretary, the Court issued a Show Cause Order to Plaintiff.   See
October 20, 2005 Order of Court (Doc. #11).   Plaintiff, in his
Response to the Show Cause Order, confirmed that he did file a
grievance with "Tallahassee" but claimed he was unable to produce the
copies of the "rest of my administrative grievances" because they have
"been misplaced or destroyed by [a] staff member at Charlotte
Correctional Institute."   Plaintiff's Response to Show Cause Order
filed November 4, 2005 (Doc. #12).

Defendants maintain that the evidence demonstrates that Plaintiff
did not file an appeal of his formal grievance concerning the incident
to the Secretary as required by the Department's administrative rules.
FLA. ADM. CODE r. 33-103.007.   All grievances filed with the Secretary
are received, reviewed, evaluated and responded to by the Bureau of
Inmate Grievance Appeals.   Id. r. 33-103.007(4).   Defendants submit
as evidence the Affidavit of Katherine Shepherd, who is employed by
the Department as a Management Analyst I.   Ms. Shepherd attests that
a search of "the Bureau of Inmate Grievance Appeals inmate grievance
record reflects that [Plaintiff] did not submit any appeals to Central
Office that [are] related to institutional log number 0308-510-152."
Affidavit of Katherine Shepherd dated August 10, 2006, attached to
Defendants' Motion at Exhibit D.   Plaintiff, in his one paragraph
Response to Defendants' Motion, states that he "did do the three-step
grievance procedure" but claims "that every time I write a request

-9-

about my complaint there was never a[n] answer." Plaintiff's Response
filed November 4, 2005 (Doc. #12).

Here, the evidence contradicts Plaintiff's statement that he
"never" received answers to his complaints since Plaintiff in fact
received, and attached to his Complaint, a response to his formal
grievance from the acting warden.  Further, Plaintiff produces no
evidence to refute the fact that the Bureau of Inmate Grievance
Appeals has no record of Plaintiff filing a grievance with the
Secretary.  Plaintiff's conclusory, self-serving, and speculative
assertions are not sufficient to defeat the motion.  Consequently,
based upon the record, the Court finds that  Plaintiff did not submit
an appeal of his formal grievance to the Secretary; and, thus has
failed to fully and properly exhaust his available administrative
remedies with the Department. Woodford, 126 S. Ct. at 2387.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendants' Motion to Dismiss (Doc. #31), construed as a
motion for Summary Judgment, is **GRANTED.**

2.  The **Clerk of the Court** shall enter judgment accordingly,
terminate any pending  motions as moot, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   8th   day of
September, 2006.

JOHN E. STEELE
United States District Judge

-10-

SA:  hmk
Copies: All Parties of Record